FILED
2002 AUG 22 AM 10: 50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BILLY WALLACE and <br> BILL'S GAS & GROCERY, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE TRAVELERS PROPERTY ) <br> CASUALTY COMPANY and ) <br> FARMINGTON CASUALTY ) <br> COMPANY, ) <br> ) <br> Defendants. ) | Civil Action No.: 02-PT-1226-M |

ENTERED
AUG 22 2002

## MEMORANDUM OPINION

This cause comes to be heard upon defendant Farmington Casualty Company's ("Farmington")[1] Motion to Join State Farm Mutual Automobile Insurance Company ("State Farm"), filed on July 22, 2002.

### FACTS AND PROCEDURAL HISTORY[2]

Plaintiffs were covered under a liability insurance policy issued by Farmington. Plaintiffs were named as defendants in a lawsuit filed in the Circuit Court of St. Clair County, Alabama, for events occurring during the coverage period. *See Gibbs v. Tackaberry*, CV No. CV-99-61A. Ultimately, a judgment for $1.25 million was rendered against Plaintiffs. Pursuant to the insurance policy, Plaintiffs provided Farmington with timely notice of the suit. As part of the notice, Plaintiffs made a demand upon Farmington to (1) provide a legal defense for the

---

[1] Claims against defendant Travelers Property Casualty Company were dismissed by court order on July 25, 2002.

[2] Only those facts pertinent to this Motion will be discussed.

underlying suit, and (2) indemnify them against any judgments rendered as a result thereof. Farmington has maintained that its policy with Plaintiffs does not cover the events underlying the *Gibbs* lawsuit. Accordingly, it has refused to pay Plaintiffs' legal fees or indemnify them for the *Gibbs* judgments. However, State Farm, with whom Plaintiffs also had an insurance policy, did pay Plaintiffs' legal defense of the *Gibbs* lawsuit, and indemnified them for $50,000, the upper limit on Plaintiffs' policy with State Farm.

On March 12, 2002, Plaintiffs filed suit in the Circuit Court of St. Clair County, Alabama, alleging breach of contract, bad faith fraud, and misrepresentation, based upon Farmington's refusal to cover the *Gibbs* lawsuit. As part of the complaint, Plaintiffs allege that Farmington's conduct caused them to incur legal fees as a result of having to defend the *Gibbs* lawsuit. *See* Complaint, Count I at 2-3. Farmington filed a Notice of Removal with this court on May 16, 2002. State Farm is not a party to this lawsuit. Farmington now seeks to join State Farm as a party plaintiff under Federal Rules of Civil Procedure 17(a) and 19.

## ARGUMENTS

Farmington argues that Rule 17(a), which provides, in part, that "[e]very action shall be prosecuted in the name of the real party in interest," requires this court to join State Farm as a party plaintiff. *See* Fed. R. Civ. P. 17(a). In this case, Plaintiffs allege that Farmington's conduct caused them to incur legal fees. However, Farmington notes that it was State Farm who provided Plaintiffs with a lawyer and that it was State Farm who paid the legal fees associated with the *Gibbs* lawsuit. Therefore, State Farm, not Plaintiffs, is the real party in interest, at least with respect to the costs of defending the *Gibbs* lawsuit.

Moreover, Farmington invokes Rule 19, which requires a party to be joined if feasible in

certain situations, specifically when failure to join that party may expose the defendant to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). Here, Farmington argues that failure to join State Farm will expose it to double, multiple, or inconsistent obligations with respect to the *Gibbs* legal fees.[3]

Plaintiffs counter that State Farm has no interest in this litigation. Further, Plaintiffs note that State Farm has not made any claim against Farmington nor has it threatened to do so. For its part, State Farm filed a brief in opposition to being joined as a party plaintiff. State Farm asserts that it has no contract right to recover from Farmington, and it specifically waives any potential common-law claims against Farmington. *See* State Farm Brief ¶ 3.

Moreover, State Farm argues that in deciding whether it is a real party in interest under Rule 17(a), "the court must 'determine whether [State Farm] would have the right under Alabama substantive law to bring the action' the Plaintiff has brought." *Story v. Pioneer Hous. Sys., Inc.*, 191 F.R.D. 653, 654 (M.D. Ala. 2000) (citations and quotations omitted). Since it never had a contract with Farmington or relied upon any representations made by Farmington, State Farm argues that it could not assert Plaintiffs' claims under Alabama law and is thus not a real party in interest. For the same reasons, State Farm argues that it cannot be deemed indispensable under Rule 19 either. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) (in diversity case, state law defines outsider's interest in litigation, though joinder is a matter of federal procedure). State Farm asserts that its absence will in no way prejudice Farmington.

---

[3] In addition, Farmington notes that adding State Farm, an Illinois corporation, will not destroy diversity. *See* Fed. R. Civ. P. 19(a).

3

## CONCLUSIONS OF THE COURT

It appears to the court that Farmington's only reason for desiring to join State Farm is to avoid double exposure to attorney's fees claims. State Farm has disavowed any such intention and has waived any such claim. It would thus be estopped from making any such claim. There is no reason to join State Farm.

This _22nd_ day of August 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

4